IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:16-CR-60-1H

UNITED STATES OF AMERICA,

v.

WILLIAM ROBERT CANUPP,

    Defendant.

**ORDER**

This matter is before the court on defendant's motion to dismiss counts two and three of the indictment on statute of limitations grounds. The government has responded, and this matter is ripe for adjudication.

Defendant moves this court to dismiss counts two and three of the superseding indictment in this matter, arguing that the specific date of offenses listed are more than five years prior to entry of the tolling agreement in this matter. While the government does not dispute the listed dates, the date of original indictment, or the five year statute of limitations, the government contends the five year statute of limitations does not begin to run until the offense is completed; in other words, when all elements of the offense have occurred. United States v. Yashar,

166 F.3d 873, 879-80 (7th Cir. 1999) (holding that for offenses that are not continuing offenses, "the offense is committed and the limitations period begins to run once all elements of the offense are established, regardless of whether the defendant continues to engage in criminal conduct.") Defendant points to no Fourth Circuit case law counter to the Seventh's Circuit's well-reasoned holding.

The government asserts that the evidence will show some of the elements of the offenses were within the statute of limitations, and details these elements in its response. Relying on the government's assertion regarding the elements, the court DENIES the motion to dismiss counts two and three [DE #48] as to statute of limitations without prejudice for the reasons stated in the government's response. Should the evidence at trial show that all elements were completed outside the statute of limitations, counsel may renew his motion.

This 24th day of January 2017.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26