IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:16CR00060-001H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CONSENT ORDER |
| | ) | |
| WILLIAM ROBERT CANUPP, | ) | |
| | ) | |
| Defendant. | ) | |

The Court, upon consent of the United States of America ("United States"); William Robert Canupp ("Defendant"); AmyLee Brooks, spouse of Defendant; and Sue C. Marion, Attorney-in-Fact for Defendant and operating pursuant to the Power of Attorney attached as Exhibit A, (collectively, "Parties"), hereby ORDERS as follows:

1. Defendant (acting through his Attorney-in-Fact, Sue C. Marion) and AmyLee Brooks agree to list the real property described as 3.65 Acres on Booth Lane, Richlands, NC 28574, NC PIN: 433903118018, Map Number 100-6, Parcel ID: 014798, for sale and make every reasonable, good-faith effort to sell the following property for reasonable market value and to a bona fide, third-party purchaser within six months of the Effective Date of this Order. Provided the sale of the property is conducted in good faith, at reasonable market value, and to a bona fide, third-party

purchaser, the United States will not withhold consent to any such sale. If the property is not sold by private sale within six months of the Effective Date of this Order, the United States Marshals Service will sell the property pursuant to the terms of the Writ of Execution entered by this Court on March 5, 2018. [D.E. 125]. Defendant, AmyLee Brooks, and Sue C. Marion agree not to contest the sale of the property by the United States Marshals Service.

2. Fifty percent of the net proceeds of the sale, representing Defendant's interest, shall be paid to the United States, along with an accounting of the sale. Prior to the closing of any sale of the property (whether by Defendant, AmyLee Brooks, and Sue C. Marion, or by the United States Marshals Service), the HUD-1 Settlement Statement indicating the terms of the sale shall be provided to the United States Attorney's Office, Financial Litigation Unit, who must approve the HUD-1 Settlement Statement prior to the completion of the real estate closing. The United States may withhold that consent if, in its sole discretion, the United States determines that the sale is not made in good faith to a bona-fide third-party purchaser, or is for less than reasonable market value. All amounts received by the United States from the sale of the property shall be applied to Defendant's outstanding debt balance. The United States will release any prospective buyer from the lien on the property sold, provided

that the sale is made in good faith to a bona fide, third-party purchaser for reasonable market value and 50 percent of the net proceeds from the sale are paid to the United States at the time of closing.

3. The Parties to this Order agree to sign any other reasonable documents necessary to effectuate the terms of this Order.

4. If Defendant defaults on any of his obligations under this Order, the United States may take whatever steps it is entitled to take pursuant to law to enforce the obligations of this Order or collect upon the outstanding debt owed by Defendant, including but not limited to the execution sale described in paragraph 1, above.

5. Nothing in this Consent Order prevents the Plaintiff from pursuing administrative offsets, including that by the Internal Revenue Service, and Defendant specifically consents to the offset. Any payments applied as a result of any administrative offset will be credited as a payment to the existing balance owed on the aforementioned criminal judgment.

6. Nothing in this Consent Order is a novation in any manner to reduce or diminish the full legal rights of the United States in the criminal judgment filed in this case or affect the judgment in any manner. Specifically, the United States may continue to investigate Defendant's financial condition and pursue any and all

remedies available at law to collect Defendant's debt, except as specifically provided otherwise in this Consent Order.

7. Defendant agrees that the terms and conditions of this Consent Order are final. While incarcerated, Defendant agrees that this Consent Order does not preclude him from participation in the Inmate Financial Responsibility Program, if available. Defendant further agrees that this Consent Order does not preclude him from any additional payment schedule as set by the Court, the United States Probation Office, or the United States Attorney's Office.

8. The Effective Date of this Order shall be the date the Court signs it. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Order.

SO ORDERED this 28th day of August, 2018.

_____
MALCOLM J. HOWARD
Senior United States District Judge

AGREED AND CONSENTED TO BY:

_____  DATE: 08-14-2018
WILLIAM ROBERT CANUPP
Defendant
Social Security Number: ████ 9348

_____  DATE: _____
SUE C. MARION
Individually and as Attorney-in-Fact for Defendant

remedies available at law to collect Defendant's debt, except as specifically provided otherwise in this Consent Order.

7. Defendant agrees that the terms and conditions of this Consent Order are final. While incarcerated, Defendant agrees that this Consent Order does not preclude him from participation in the Inmate Financial Responsibility Program, if available. Defendant further agrees that this Consent Order does not preclude him from any additional payment schedule as set by the Court, the United States Probation Office, or the United States Attorney's Office.

8. The Effective Date of this Order shall be the date the Court signs it. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Order.

SO ORDERED this ____ day of _____, 2018.

_____
MALCOLM J. HOWARD
Senior United States District Judge

AGREED AND CONSENTED TO BY:

_____       DATE: _____
WILLIAM ROBERT CANUPP
Defendant
Social Security Number:

*Sue C. Marion*                    DATE: 8-18-18
SUE C. MARION
Individually and as Attorney-in-Fact for Defendant


AMYLEE BROOKS

DATE: 8/18/18

ROBERT J. HIGDON, JR.
United States Attorney

BY: C. MICHAEL ANDERSON
Assistant United States Attorney
Attorney for United States of America

DATE: 8/24/2018